# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

WAYNE BARNES,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C 10-3075-MWB
(No. CR 09-3010-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION**

_____

## TABLE OF CONTENTS

I.   *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
    *A.  The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . .  2
    *B.  The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

II.  *LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3
    *A.  Standards For § 2255 Relief* . . . . . . . . . . . . . . . . . . . . . . . .  3
    *B.  Procedural Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6
        *1.   Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . .  6
        *2.   Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . .  7
    *C.  Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . .  8
        *1.   Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . .  8
        *2.   Inaccurate advice regarding armed career offender status* . . .  13
        *3.   Miscellaneous claims* . . . . . . . . . . . . . . . . . . . . . . . .  18
    *D.  Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . .  18

III. *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

# I.  INTRODUCTION

This case is before me on petitioner Wayne Barnes's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1), filed on December 15, 2010; on Barnes's Brief In Support of 28 U.S.C. § 2255 Petition (Civ. docket no. 14), filed by appointed counsel on June 21, 2011; on respondent's Response And Memorandum In Support Of Government's Response To Defendant's Motion (Civ. docket no. 16), filed on July 20, 2011; and on Barnes's Reply (Civ. docket no. 19), filed on August 19, 2011.  Barnes claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways.  The respondent denies that Barnes is entitled to any relief on his claims.

## A.  The Criminal Proceedings

On March 18, 2009, Barnes was charged by a two-count Indictment (Crim. docket no. 2), with being a felon in possession of a firearm and ammunition and with possession and disposal of a stolen firearm.  On May 27, 2009, Barnes appeared in front of Chief United States Magistrate Judge Paul A. Zoss to plead not guilty to the Indictment.  *See* Crim. docket no. 8.

Barnes appeared before Judge Zoss on September 21, 2009, to change his plea to guilty on both counts of the Indictment.  *See* Crim. docket no. 21.  Judge Zoss filed a Rule 11(c)(1)(C) Report And Recommendation Concerning Pleas of Guilty (Crim. docket no. 27) on November 10, 2009.  On December 14, 2009, I entered an Order Accepting

Magistrate Judge's Report And Recommendation Regarding Defendant's 11(c)(1)(C) Guilty Plea (Crim. docket no. 33).

Barnes appeared before me on December 16, 2009, for a sentencing hearing. *See* Crim. docket no. 34. I found Barnes's total offense level to be 23 with a criminal history category of VI. The parties had entered into a Rule 11(c)(1)(C) plea agreement providing for 120 months on count 1, 120 months on count 2, with 100 months concurrent on count 2 to count 1, with 20 months consecutive, for a total term of imprisonment of 140 months. *See* Sent. Trans. at 17. After independently reviewing the 18 U.S.C. §3553(a) sentencing factors, I sentenced Barnes to a total term of 140 months pursuant to the 11(c)(1)(C) agreement. *See* Sent. Trans. at 17.

## B. The § 2255 Motion

On December 15, 2010, Barnes filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By Order (Civ. docket no. 4), an attorney was appointed to represent Barnes with regard to his Motion. On June 21, 2011, Barnes's counsel filed a Brief In Support Of 28 U.S.C. § 2255 Petition (Civ. docket no. 14). On July 20, 2011, the respondent filed a Response And Memorandum In Support Of Government's Response To Defendant's Motion Under 28 U.S.C. § 2255. (Civ. docket no. 16). On August 19, 2011, Barnes, through counsel, filed a Reply (Civ. docket no. 19).

## II. LEGAL ANALYSIS

### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States,* 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal Habeas corpus.'" *United States v. Wilson,* 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States,* 417 U.S. 333, 343 (1974)); *accord Auman v. United States,* 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States,* 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley,* 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops,* 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme

Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in Habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would Have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37

(2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the challenged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, I turn to analysis of Barnes's claims for § 2255 relief.

## B.  Procedural Matters

### 1.    Need for an evidentiary hearing

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255.  On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry*

*v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion in not holding an evidentiary hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence"). Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro*, 538 U.S. at 500, that does not mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion. In this case, I conclude that no evidentiary hearing is required on any issue, because the record conclusively shows that Barnes's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief, *Buster*, 447 F.3d at 1132, even if I were to conclude that counsel's affidavit, standing alone, only raises credibility questions. *Kingsberry*, 202 F.3d at 1033. "No hearing is required where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010)(citing *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)(internal quotations and citation omitted).

### 2. *Procedural default*

Claims are procedurally defaulted if not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not

available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)).  "[C]ause and prejudice" to overcome such default may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005).   The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").   Where possible, I have construed Barnes's claims as claims of ineffective assistance of counsel and, therefore, will consider them on the merits.

### C.  *Ineffective Assistance Of Counsel*

#### 1.     *Applicable standards*

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI.   Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008).   The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied

the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a).  *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010).   Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record.  *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

In a pair of cases handed down just recently, the Supreme Court reiterated the importance of effective assistance of counsel in plea negotiations, the general context in which Barnes alleges that his counsel was ineffective.  In *Lafler v. Cooper*, the Supreme Court stated,

> Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process.  *[Missouri v.] Frye, ante*, at 8 [2012 WL 932020 (March 21, 2012)]; see also *Padilla v . Kentucky*, 559 U. S. ___, ___ (2010) (slip op., at 16); *Hill [v. Lockhart]*, 474, U.S. 52,] 57 [(1985)].  During plea negotiations defendants are "entitled to the effective assistance of competent counsel."  *McMann v. Richardson*, 397 U. S. 759, 771 (1970).

566 U.S. ___, ___, 2012 WL 932019, *5 (March 21, 2012).  In *Missouri v. Frye*, 566 U.S. ___, 2012 WL 932020 (March 21, 2012), the Supreme Court plainly recognized that plea negotiations are a "critical point" in the course of a criminal proceeding in which effective assistance of counsel is required.  566 U.S. at ___, 2012 WL 932020, at *6-*7.[1]

---

[1]The circumstances in *Frye* and *Lafler* are factually distinguishable from the
(continued...)

The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, 556 U.S. 111, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary

---

[1](...continued)

circumstances presented here, however.  As the Court explained in *Lafler*,

> In *Frye*, defense counsel did not inform the defendant of the plea offer; and after the offer lapsed the defendant still pleaded guilty, but on more severe terms.  Here, the favorable plea offer was reported to the client but, on advice of counsel, was rejected.  In *Frye* there was a later guilty plea.  Here, after the plea offer had been rejected, there was a full and fair trial before a jury.  After a guilty verdict, the defendant received a sentence harsher than that offered in the rejected plea bargain.

*Lafler*, 566 U.S. at ___, 2012 WL 932019 (March 21, 2012); *see also Frye*, 566 U.S. at ___, 2012 WL 932020 at *8 ("Here the question is whether defense counsel has the duty to communicate the terms of a formal offer to accept a plea on terms and conditions that may result in a lesser sentence, a conviction on lesser charges, or both."). As explained, below, Barnes argues that counsel's deficient advice led him to *accept* a plea agreement that he otherwise would have rejected.

process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689). Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.,* at 690, 104 S. Ct. 2052. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.,* at 688, 104 S. Ct. 2052. The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.,* at 690, 104 S. Ct. 2052.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. To put it another way,

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S. Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 787 (2011); *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Richter*). There are two substantial

11

impediments to making the required showing.  First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'"  *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690).  Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.").  Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'"  *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice.  *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92).  "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691).  As the Supreme Court has explained,

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid.*  That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ----, 131 S. Ct., at 791.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler*, 566 U.S. at ___, 2012 WL 932019, at *5 (citing *Frye,* 2012 WL 932020 at *5-*6). That is, when evaluating a defendant's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the defendant must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). However, even where the petitioner "suffered prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the lawyer's error was also the result of conduct that was professionally unreasonable at the time. *King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as sequential. Thus, if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

### 2.    *Inaccurate advice regarding armed career offender status*

Barnes claims that he received an additional 25 to 48 months of incarceration because his trial counsel provided ineffective assistance by failing to properly investigate Barnes's criminal history. *See Pro Se* Motion at 4. Barnes asserts that he would not have pleaded guilty or accepted the plea agreement in his case if his trial counsel had properly

13

advised him regarding his status as an armed career offender. *See* Brief at 8-9.

The respondent asserts, based on trial counsel's affidavit, that Barnes's trial counsel conducted a reasonable, adequate and timely investigation of the facts and law surrounding the contentions of the parties and advised Barnes that "if the provisions of the ACC applied, [Barnes] could be sentenced to no less than 180 months in prison." Response at 5. The respondent claims that Barnes was advised of the risks in the case and entered into a plea agreement based on a consideration of such risks. Response at 5. The respondent also asserts that Barnes cannot show prejudice because the record indicates that if Barnes had not entered into the plea agreement, it is likely that he would have been found guilty and would have received a sentence in excess of 140 months. *See* Response at 5-6.

Barnes correctly points out, through counsel, citing to *Hill v. Lockhart*, 474 U.S. 52, 59 (1985), that the standard for showing prejudice in the context of a plea agreement is that the petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See* Reply at 1-2.

Each of the two counts that Barnes pleaded guilty to had a statutory maximum penalty of 120 months. Plea Trans. at 16. However, if Barnes met the definition of an armed career criminal, the applicable sentence under 18 U.S.C. § 924(e)(1) would have been at least 180 months. Plea Trans. at 15-17; Pet. Brief, at 9. It appears that, in order to avoid the potential for a 180-month sentence, Barnes accepted the plea agreement that required him to serve 140 months regardless of whether he was determined to be an armed career criminal. Plea Trans. at 15.

Section 924(e)(1), as relevant to this case, provides that any individual who is convicted of the crime that Barnes was charged with, who has three previous convictions by any court for a violent felony, committed on occasions different from one another, shall

be imprisoned not less than fifteen years.  *See* 18 U.S.C. § 924(e)(1).  Section 924(e)(2)(B)(ii) lists specific crimes that constitute violent felonies.  It also includes a residual clause that encompasses crimes "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another."  *United States v. Dunning*, 666 F.3d 1158, 1166 (8th Cir. 2012).

The probation officer preparing the Pre-Sentence Investigative Report ("PSIR") indicated that "it does not appear [Barnes] meets the Armed Career Criminal requirements as outlined in U.S.S.G. § 4B1.4."  PSIR, Para. 9.  Barnes appears to argue, based solely on this statement in the PSIR, that it was clear that he did not meet the definition of an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) and that if his attorney had so advised him, he would have gone to trial rather than accepting the terms of the plea agreement.  *See* Pet. Brief at 8-10.

 Barnes does not now, either *pro se*, or through counsel,  provide a complete analysis of the application of the statutory and guideline provisions to Barnes's criminal history, supported by case law, to explain why it is that Barnes did not qualify as an armed career criminal.  Instead Barnes, through counsel, states, "The PSIR found that Barnes was not a career criminal offender."  Pet. Brief at 3.  Barnes, through counsel,  then quotes the PSIR as saying that "[u]pon examination of the defendant's criminal history, it does not appear he meets the Armed Career Criminal requirements as outlined in U.S.S.G. § 4B1.4 . . ."  Pet. Brief at 3.

The issue of whether or not Barnes met the definition of an armed career criminal was not contested when the PSIR was prepared because Barnes and the Government had already entered into the Rule 11(c)(1)(C) plea agreement stipulating to the 140-month sentence regardless of whether Barnes was determined to be an armed career criminal.  *See* PSIR at Para. 9.  There was, therefore, no reason for the probation officer to do an

15

extensive analysis of Barnes's criminal history to make a firm determination regarding his status as an armed career criminal. I do not find that the probation officer's statement in the PSIR to the effect that Barnes "does not appear" to meet the armed career criminal requirements to be a statement that the probation officer had concluded, after an extensive analysis, that Barnes definitely did not meet the definition of an armed career criminal.

Unless Barnes can demonstrate that he did not meet the definition of an armed career criminal, he cannot establish that his counsel's conduct fell outside the "wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005). Barnes must "present some credible, non-conclusory evidence" that he would not have been determined to be an armed career criminal had he proceeded to trial and been found guilty. *See United States v. Ledezma-Rodiriguez*, 423 F.3d 830, 836 (8th Cir. 2005).

Barnes has an extensive criminal history. *See* PSIR at Para. 38-66. The record demonstrates that Barnes was convicted of 2nd Degree Burglary in October of 1988, (PSIR Para. 41), and was sentenced to ten years in prison; that he was convicted of Burglary in October of 2002 in Kansas, (PSIR Para. 60), and was sentenced to 23 months in prison; that he was convicted of Burglary in Iowa in April of 2007, (PSIR Para. 64), and was sentenced to 15 years in prison; and that he was convicted in March of 2008 of 3rd Degree Burglary, (PSIR Para. 66), and was sentenced to 5 years.

Barnes's trial counsel states that,

> During the pretrial preparation phase of this litigation, Mr. Barnes voiced concerns and questioned various potential sentencing factors, including the potential application of the Armed Career Criminal provision of U.S.S.G. § 4B1.4. This guideline enhancement was discussed and explained to Mr. Barnes several times and he appeared to understand its implications for his case because of his extensive criminal

history. The defendant was advised that in the event he was found to be an Armed Career Criminal, the applicable sentence would be no less than 180 months.

Aff. at Para. 8. Additionally, trial counsel states,

During the conferences and in various telephone conversations with Mr. Barnes, we discussed the strengths and weaknesses of the government's case against him and possible defenses to the case, including the credibility issues surrounding certain witnesses.

Aff. at Para. 6.

Because burglaries are one of the crimes specifically listed in § 924(e)(2)(B)(ii), it was reasonable, based on the four previous burglary convictions alone, for trial counsel in this case to advise Barnes that he may qualify as an armed career criminal and that in light of this possibility, and considering the other risks of trial, even in light of the weaknesses in the case, Barnes would be likely to receive less time if he accepted the 140-month sentence offered in the plea agreement rather than going to trial.

"Judicial scrutiny of counsel's performance must be highly deferential." *Strickland* at 689. The record here demonstrates that Barnes's trial counsel was an effective advocate who fulfilled his obligations by pursuing Barnes's claims and conducting investigations where appropriate. *See United States v. Buck*, 661 F.3d 364, 370 (8th Cir. 2011). Since Barnes does not now state that there was no possibility that he would be found to be an armed career criminal, he does not establish, here, that his trial counsel's decision to advise Barnes to accept a plea agreement stipulating to 140 months, rather than potentially exposing himself to a mandatory 180 months, was anything other than a reasonable strategic choice "'made after thorough investigation of law and facts relevant to plausible options.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Barnes has not demonstrated that his counsel's performance was deficient.

Because Barnes has not shown deficient performance by counsel, I do not need to analyze the prejudice prong of Barnes's ineffective assistance claim. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

### 3.  Miscellaneous claims

Barnes asserts additional claims, in his *Pro Se* Petition, which counsel representing Barnes in this matter, after review, acknowledges are "less valid." *See* Pet. Brief at 11-12. These include an assertion that Barnes's trial counsel failed to argue that Barnes's state sentence and federal sentence should run concurrently; a claim that his trial counsel constantly requested continuances, thus giving the prosecution more time to prepare for trial and find witnesses; and that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

I agree with Barnes's current counsel that there is no merit in any of Barnes's remaining claims and find that he has failed to establish ineffective assistance of counsel on any of these additional grounds.

### D.  Certificate Of Appealability

Denial of Barnes's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b).   To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowerso*x, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569.   Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:   The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Barnes has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2).   Specifically, there is no showing that reasonable jurists would find my assessment of Barnes's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569.   Therefore, Barnes does not make the requisite

showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case.   *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### III.   CONCLUSION

Upon the foregoing, Barnes's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1), is **denied in its entirety**.   This matter is **dismissed in its entirety**.   No certificate of appealability will issue for any claim or contention in this case.   Furthermore, Barnes's counsel's April 16, 2012, Motion To Authorize Interim Payment (docket no. 22) is **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 20th day of April, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA